[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband brings this action for dissolution of his marriage to the defendant wife. The defendant wife has answered the complaint and files her cross-complaint for dissolution.
The court after hearing the evidence presented by the parties and argument of counsel, as well as examining the documentary evidence, finds:
That the parties intermarried at Krzynowoga Duza, Poland on June 25, 1966. The defendant's maiden name is Eufemia Borowa. That the plaintiff has resided continuously within the state of Connecticut for 12 or more months immediately preceding the date CT Page 38-A of this complaint. That the marriage has broken down irretrievably with the primary fault with the defendant wife. That no minor child has been born to the defendant wife since the date of this marriage. That no public or state agency has or is contributing to the support of any members of the family. That the parties have lived separate and apart since June 22, 1982 at which time they had entered into a written separation agreement wherein they divided their assets and assumed responsibility for the liabilities of the marriage. That the parties have a mental deficient son, Danek Czaplicki, who has reached his majority and lives with relatives in Poland. That each of the parents will pay the sum of $250.00 per year on or about November 1st of each year to pay to Danek's caretaker, Kristina Borowy, in Poland for so long as each of the caretakers live or until Danek's death, whichever comes first. The parties shall provide each other with copies of the checks or receipts evidencing the monies paid for Danek's benefit.
Each party is 61 years old, each is employed and has pension rights through their respective employment, each has some medical problems. Neither party is to receive alimony from the other party, however, each is to name the other party the beneficiary to the other's employment pension. This is to be accomplished within 60 days of the issuance of this decision by means of a Qualified Domestic Relations Order. CT Page 38-B
The court further finds that, subsequent to the parties separation agreement in 1982 the defendant wife proposed to the plaintiff husband that she, the wife, transfer her property known as 110 Allen Street, Terryville, Connecticut to their son, Andrzej, provided the plaintiff husband paid to her, the defendant wife, one-half the value of the premises, that is the sum of sixty-two thousand dollars ($62,000.00). The plaintiff husband accepted the proposal and paid to the defendant wife the sum of sixty-two thousand dollars ($62,000.00). Thereafter the defendant wife did transfer to the parties' son Andrzej the premises known as 110 Allen Street, Terryville, Connecticut. However, she took back a mortgage from Andrzej in the sum of eighty thousand dollars ($80,000.00). The defendant mother admits this but claims it was for purposes of complying with the gift tax requirements.
Therefore, the court orders the defendant wife to set out a written schedule acceptable to the plaintiff father setting out a definite date for the defendant to provide the parties son Andrzej with a release of the debt and mortgage on the premises known as 110 Allen Street, Terryville, Connecticut. This written schedule is to be provided by the defendant to the plaintiff within 30 days of the issuance of this decision with the plaintiff to respond his acceptance or rejection to the defendant CT Page 38-C within two weeks thereafter. A failure by the plaintiff to accept or reject the defendant's schedule will be considered an acceptance of it. Alternatively, a failure by the defendant to prepare such a schedule within the time limitations indicated, then the defendant shall pay to the plaintiff the sum of sixty-two thousand dollars ($62,000.00) received by her from the plaintiff under their original agreement
In addition, the defendant wife is to pay to the plaintiff husband the sum of fifteen thousand dollars ($15,000.00) as a final division of the assets of the marriage. This payment is to be made within six months of the date of this decision unless otherwise agreed to by the parties in writing.
All assets presently in the possession of or in the name of the individual party is to be that party's asset.
Each party is to be responsible for and hold the other party harmless with regard to all outstanding liabilities in the parties individual name.
Therefore, it is the judgment of this court that the marriage of the parties be and is hereby declared to be dissolved. That each of the parties is declared to be single and unmarried. CT Page 38-D
That, all rulings and orders issued by the court in the body of this decision is to be carried out by the parties.
No costs are assessed to either party.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE